# United States District Court
## for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Durward Eugene Perry</u>       Case Number: <u>3:15-00116</u>

Name of Current Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable Edward H. Johnstone, Senior U.S. District Judge, WDKY</u>

Date of Original Sentence: <u>January 7, 2004</u>

Original Offense: <u>18 U.S.C. § 371 Conspiracy to Commit Armed Bank Robbery, 18 U.S.C. § 2113 (a) &</u>
<u>(d), 18 U.S.C. § 2 Armed Bank Robbery, 18 U.S.C. § 924(c)(l)(A)(ii) (Brandishing) of a Firearm During a</u>
<u>Crime of Violence, 18 U.S.C. § 2113(a) and 18 U.S.C. § 2 Bank Robbery, Aid and Abet</u>

Original Sentence: <u>168 months' custody and five years' supervised release</u>

Type of Supervision: <u>Supervised release</u>       Date Supervision Commenced: <u>February 6, 2015</u>

Assistant U.S. Attorney: <u>Henry Leventis</u>       Defense Attorney: <u>Isaiah S. Gant</u>

### PETITIONING THE COURT

<u>  X  </u>   To issue a Summons.
<u>     </u>   To issue a Warrant.

### THE COURT ORDERS:

☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons
☐ Other

Considered, this the 4th day of _Aug_, 2017,
and made a part of the records in the above case.

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted,

_____
Jeffrey Schmidt
U.S. Probation Officer

_____
Aleta A. Trauger
U.S. District Judge

Place:   Nashville, Tennessee

Date:    August 4, 2017

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

1.    **The defendant shall refrain from any unlawful use of a controlled substance.**
On July 20, 2017, Mr. Perry tested positive for marijuana. When questioned by the probation officer, he admitted to smoking a marijuana blunt on July 16, 2017.

On August 3, 2017, Mr. Perry tested positive for marijuana. He admitted to smoking marijuana on July 30, 2017.

Mr. Perry previously tested positive for marijuana on the following dates:

| | |
|---|---|
| March 19, 2015 | admitted use |
| July 20, 2015 | admitted use |
| September 8, 2015 | denied use |
| September 18, 2015 | denied use |
| September 28, 2015 | denied use |
| June 29, 2016 | denied use |
| November 22, 2016 | admitted use |
| March 17, 2017 | admitted use |
| May 1, 2017 | denied use |

Positive drug tests from March 2015 to May 2017 have been reported to the Court previously.

**Compliance with Supervision Conditions and Prior Interventions:**
Durward Perry began his term of supervised release on February 6, 2015, and is due to terminate supervision on February 5, 2020. Mr. Perry lives in Nashville, Tennessee, and is employed as a personal trainer with Nashville Fit Body Bootcamp.

A Violation Memorandum was sent to the Western District of Kentucky, the sentencing court, on March 31, 2015, due to Mr. Perry testing positive for marijuana on March 19, 2015. The United States Probation Officer admonished the offender and referred him for a substance abuse assessment with Centerstone Mental Health in Madison, Tennessee. At that time, United States Probation Officer Stacey E. Martin recommended no adverse action regarding the violation and the Court in Western Kentucky ordered none.

On April 8, 2015, Mr. Perry participated in a substance abuse intake assessment at Centerstone. The treatment recommendation included outpatient services to include weekly group counseling along with random urinalysis. Monthly progress reports from the treatment provider indicated his behavior was positive and his progress was acceptable. From March 30, 2015, to July 6, 2015, the offender submitted eleven drug tests, all of which had negative results.

On July 20, 2015, Mr. Perry again tested positive for marijuana. When questioned, Mr. Perry admitted to smoking marijuana on July 10, 2015. The probation officer notified the treatment provider and suggested that an increase in the frequency of the group may hold the offender more accountable.

On July 27, 2015, jurisdiction was transferred to the Middle District of Tennessee.

On August 8, 2015, a report enumerating Mr. Perry's use of illegal drugs was submitted to the Court; no further action was ordered. On August 10, 2015, the probation officer counseled Mr. Perry regarding the

prior drug use and asked him to think about the consequences of his actions. On August 20, 2015, Mr. Perry contacted the treatment provider about his new work schedule which seemed to interfere with group. On September 2, 2015, the probation officer confirmed with the therapist at Centerstone that Mr. Perry had been permitted to attend group every other Wednesday to accommodate his work schedule

On September 21, 2015, a report documenting Mr. Perry's use of illegal drugs and frequenting places where illegal drugs are used and sold was submitted to the Court; no further action was ordered.

On September 23, 2015, Mr. Perry expressed to his counselor at Centerstone Mental Health that he had been using marijuana practically the entire time he had been on supervised release. He told the treatment provider that he thought it might be easier for him to go back to prison than to stop smoking marijuana. In addition to outpatient substance abuse groups, Mr. Perry's treatment services were increased to include individual substance abuse services.

On October 6, 2015, an Alere Toxicology Interpretation Report confirmed that Mr. Perry used marijuana prior to September 18, 2015, and again prior to September 28, 2015, contrary to his denial of use.

On October 6, 2015, a petition for summons was filed with the Court due to Mr. Perry testing positive for a controlled substance more than three times in a calendar year. The Court ordered the issuance of a summons on October 7, 2015. The probation officer served the summons on October 8, 2015. Mr. Perry reported to the United States Marshal's office for booking on October 16, 2015. He was present for an initial appearance before Magistrate Judge Bryant on the same date. The Court ordered Mr. Perry's release on the previously ordered conditions of supervised release.

On November 18, 2015, a revocation hearing was held, but Mr. Perry was not present due to hearing scheduling miscommunication. The government attempted to verbally motion to dismiss the petition, due to the offender doing well while on continuance. The Court preferred Mr. Perry be present, so the revocation hearing was rescheduled for December 1, 2015. On November 20, 2015, the government filed an official motion to dismiss the petition and cancel the scheduled hearing, and the Court granted the dismissal and cancellation of the scheduled revocation hearing.

On July 8, 2016, a report was filed with the Court due to Mr. Perry testing positive for marijuana on June 29, 2016. The Court ordered no action necessary the same day. The frequency of random drug tests was increased and the treatment provider was notified, which increased the frequency of Mr. Perry's outpatient treatment. Mr. Perry successfully completed outpatient substance abuse treatment at Centerstone Mental Health in September 2016, and the frequency of random drug testing was decreased.

In response to the drug use on November 22, 2016, the frequency of random drug tests was increased. The probation officer counseled Mr. Perry regarding the legality of his actions and discussed the consequences of drug use. Despite his denial of the need for substance abuse treatment, Mr. Perry signed a new treatment contract. He was referred to the Evelyn Frye Center for a new substance abuse assessment.

Mr. Perry admitted on November 22, 2016, that he has smoked marijuana since he was eight years old. While he denied having a "problem," he commenced outpatient substance abuse treatment with Evelyn Frye Clinical Associates on January 24, 2017. On February 21, 2017, Dr. Evelyn Frye reported to the probation officer that Mr. Perry was insightful and dealing productively with life's stressors.

The probation officer submitted a report to the Court on March 23, 2017, notifying of an additional positive drug test. The Court ordered no action necessary the same day.

When Mr. Perry tested positive on May 1, 2017, the probation officer questioned him regarding what he felt was an appropriate consequence to drug use. Mr. Perry suggested he be sentenced to weekends in jail. After careful consideration, the probation officer suggested that community service may serve the same

purpose. Mr. Perry was amenable to the modification of the special conditions of supervision to include the completion of community service hours.

On June 12, 2017, a petition was filed with the Court due to Mr. Perry testing positive for marijuana on May 1, 2017. The Court modified the offender's special conditions and ordered that he complete 200 hours of community service within one year. Mr. Perry has not completed any community service hours as of this date, but claims he has been in contact with Second Harvest Food Bank. Mr. Perry further stated that he plans on starting his community service hours with them once he can arrange his work hours accordingly, as he was recently promoted to manager. Mr. Perry has been verbally reprimanded and instructed to start his community service hours immediately. In regard to Mr. Perry's treatment status, he continues receiving weekly treatment services from the Evelyn Frye Center. The treatment provider has been notified about Mr. Perry's recent marijuana use. Mr. Perry is currently being drug tested at an increased frequency.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Durward Perry, so that he may appear before the Court to answer to the violation behavior outlined above. Assistant U.S. Attorney Henry Leventis has been advised of the offender's noncompliance and he concurs with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DURWARD EUGENE PERRY, CASE NO 3:15-00116

**GRADE OF VIOLATION:**      **C**
**CRIMINAL HISTORY:**      **V**

**ORIGINAL OFFENSE DATE:**      **POST APRIL 30, 2003**      **PROTECT ACT PROVISIONS**

|  | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| CUSTODY: | **5 years (Class A felony)** *18 U.S.C. § 3583(e)(3)* | **7-13 months** *U.S.S.G. § 7B1.4(a)* | **7 months** |
| SUPERVISED RELEASE: | **5 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **2-5 years** *U.S.S.G. § 5D1.2(a)(1)* | **53 months** |

**Statutory Provisions:** 18 U.S.C. § 3583 (g)(4) If the defendant, as a part of drug testing , tests positive for illegal controlled substances more than 3 times over the course of 1 year, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment authorized under subsection (e)(3).

Under 18 U.S.C. § 3583 (e)(3), The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,                                  Approved by:

Jeffrey Schmidt                                         Britton Shelton
U.S. Probation Officer                                 Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Durward Eugene Perry

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:15CR00116 - 1

3. **District/Office** Middle District of Tennessee/Nashville

4. **Original Sentence Date**  $\underline{\quad 01 \quad}$ / $\underline{\quad 07 \quad}$ / $\underline{\quad 2004 \quad}$
   <br>                                 *month*     *day*     *year*

5. **Original District/Office** Western District of Kentucky
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant* No.)  5:03CR-16-001

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | The defendant shall refrain from any unlawful use of controlled substances. | C |
   | | |
   | | |
   | | |
   | | |
   | | |
   | | |
   | | |
   | | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     V

10. **Range of Imprisonment** *(see §7B1.4(a))*     7-13 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

   ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Defendant** Durward Eugene Perry _____

12.  **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____     Community Confinement _____

Fine($)     _____         Home Detention        _____

Other       _____         Intermittent Confinement _____

13.  **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14.  **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15.  **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days